GEORGE WEST ET AL., APPELLANTS, V. DANIEL WEST ET AL., APPELLEES.

FILED APRIL 13, 1909. No. 15,478.

1. Deeds: UNDUE INFLUENCE: PRESUMPTION. No presumption of undue influence arises from the fact that an aged grantor of failing mind conveys all of his real estate to a near relative, when it is shown that he was under obligation to such relative and received a fair and adequate consideration for the conveyance.

2. ———: MENTAL WEAKNESS. Mere mental weakness is not sufficient to avoid a deed, if such weakness does not amount to inability to comprehend the contract and is unaccompanied by evidence of undue influence or imposition.

3. ———: SETTING ASIDE: MENTAL INCAPACITY. To set aside a deed on the ground of the want of mental capacity on the part of the grantor to make the same, it must be established that the mind of the grantor was so weak and unbalanced at the time of the execution of the deed that he could not understand and comprehend the purport of what he was then doing.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

*George C. Gillan* and *John H. Linderman,* for appellants.

*E. A. Cook* and *Warrington & Stewart, contra.*

GOOD, C.

Henry West, a resident of Dawson county, Nebraska, died intestate January 28, 1907. Some time previous to

his death he executed deeds, whereby he conveyed to defendants the legal title to the southwest quarter of section 30, township 10 north, range 20 west, in said county. Plaintiffs brought this action to cancel and set aside said deeds on the ground that the defendants procured their execution by the exercise of undue influence upon the mind of said Henry West, and that said grantor was mentally incompetent to make the deeds, and that they were executed without consideration.   Defendants in their answers deny that Henry West was mentally incompetent, deny that they exercised any undue influence over him to procure the deeds, and alleged that said premises were conveyed pursuant to certain agreements with said Henry West, whereby the defendants agreed to take care of and provide for said Henry West during the remainder of his natural life, and the payment of certain debts and obligations of the grantor, and alleged the full performance of the agreement.   Defendants had judgment, and plaintiffs have appealed.

The only assignment of error insisted upon is that the judgment is not supported by the evidence.  There is no direct evidence that either of the defendants exercised any undue influence upon Henry West to procure the execution of the deeds.  The defendant Harriet Schilling, formerly Harriet West, was the widow of Robert West, a deceased son of Henry West, and Daniel West is a son of said Henry West.  Harriet West was the only person residing with and in the home of Henry West at the time the deeds were made.  Henry West relied very largely upon Daniel West, who was a favorite son, for assistance and guidance in the management of his affairs.  Grantor was 76 years of age when one of the deeds was made, and 79 when the other was made.  He apparently never possessed any great mental caliber and was illiterate, being scarcely able to read, and could no more than write his own name.  The land in controversy was practically all the property owned by him.  He left surviving him three children, all of whom are parties to this action.  January 13, 1900, he conveyed

the entire quarter section to Daniel West. In December, 1903, he conveyed the west half of said tract to Harriet West, and in an action in the district court, brought by Harriet West against Daniel West, title to the west half of said tract was quieted in her.

Under these circumstances, plaintiffs contend that the burden was upon the defendants to prove that the deeds were not procured by undue influence. In *Gibson v. Hammang*, 63 Neb. 349, it is said: "But where a conveyance from a parent to one of several children by way of gift, *prima facie,* is not a just or reasonable disposition of the parent's property, and the age and physical condition of the parent, the proportion of the property conveyed to the whole estate, and the circumstances surrounding the gift suggest fraud and undue influence, the transaction should be closely scrutinized, and the burden is upon the donee to overcome the presumption of fact arising from such circumstances." The ruling in that case went no further than to hold that the facts therein stated were sufficient to raise a presumption of undue influence, and the burden then rested upon defendants to overcome the presumption raised by the facts and circumstances proved. In the instant case the evidence discloses that Henry West had previously given 80 acres of land to one of the plaintiffs, and there is sufficient in the record from which it may be inferred that a farm had been given the other plaintiff. the evidence also shows that the deeds in question were not without consideration. Harriet West had taken care of Henry West's home and cared for his wife the last two years of her life, and agreed to remain in his home and take care of him during the remainder of his life, and, in consideration thereof, he promised to convey to her the west half of said quarter section. It further appears that, at the time of the conveyance to his son, Henry West was in debt to a considerable extent, and his inability to discharge his obligations was a source of anxiety and annoyance to him. He conveyed the entire quarter section to Daniel, with the understanding that the latter would

assume a mortgage of $800, then a lien on the land, and would pay the father's debts, furnish him a living during his lifetime, and at the father's death convey the west half of the quarter section to Harriet West, and would erect a suitable monument over his father's last resting place. At the time of the conveyance in 1900 the land was worth $4,000. The value of the services rendered by Mrs. Harriet West is shown to have been $30 a month for a period of eight years, or an aggregate of $2,880. The mortgage and debts assumed and paid by defendant, Daniel West, aggregated more than $1,300, and, in addition, he supplied his father with grain, hay, fuel, and groceries, the value of which is not shown. The entire consideration from the defendants to Henry West appears to have exceeded the actual value of the land. The facts established in this case are very different from those presented in *Gibson v. Hammang, supra,* and the rule therein announced would not be applicable here. The grantor received a fair and adequate consideration for the conveyances, and provided for his care and comfort in his declining years. Besides, he was under obligations to Harriet West for past services, and he had previously assisted his other children by gifts of land. Under these circumstances, no presumption of undue influence arises. The burden was upon plaintiffs to establish undue influence, and this they have failed to do.

The next question for consideration is: Does the evidence establish that Henry West was incompetent to make the deed? That he became of unsound mind prior to his death in 1907 is conceded, and that he was childish, and failing mentally for two years previous to his death is established. There is, however, but little evidence to show that he was of unsound mind at the time of the making of the deed. It is disclosed that, when his wife was dying, he was called from his bed; that he looked at his dying wife for a moment, and returned to his bed; that he did not exhibit any grief at the death of his wife. Whether he and his wife were friendly and affectionate is

not disclosed. It is also disclosed that he was hard of hearing, and that he sometimes fell asleep at the table and during conversations. Upon the other hand, a great weight of the evidence discloses that he thoroughly understood ordinary conversation and was rational in his talk until a year or two before his death; that after the death of his wife each of his children offered him a home, and talked with him about his intentions for the future. He declined all offers of a home with his children, and stated that he wanted to remain on his home place as long as he lived, and that he wanted his daughter-in-law, Harriet West, to remain with him and take care of him and his home. He communicated his wishes to Harriet West, and told her that, if she would remain and care for him, he would give her the west half of the quarter section; that being the part of the farm on which the dwelling and other buildings were located. The reason for conveying the entire quarter section to his son Daniel was that he entertained a fear that, if he conveyed the 80 acres to Harriet West, she might not carry out her agreement to take care of him and his home during the remainder of his life. When Mrs. Harriet West expressed dissatisfaction with this arrangement, Henry West went to his son Daniel and requested the latter to convey the 80 acres to Mrs. West. This he refused to do until the death of his father. Thereupon Henry West, for the purpose of evidencing his agreement with Harriet West, executed a deed to her for the west 80 acres. She then brought an action against Daniel West to quiet her title to said 80 acres. On the day set for the trial of that cause the parties agreed upon a settlement, and by stipulation a decree was entered quieting her title to said land. On that occasion it appears that both the plaintiffs were present, and one or both of them took part in the settlement. They knew of the conveyances by their father, and did not then complain thereof. At that time Charlotte Mumby insisted that Daniel should convey the **west 80 acres** to Harriet West. No question of their

father's competency to transact his business or make the conveyances was then raised by the plaintiffs, or either of them. They took no step then, or at any other time, to have their father placed under guardianship. The testimony of those who were present when the deeds were made was to the effect that the grantor understood and comprehended the nature and character of his acts, and that in making his deeds he acted on his own volition.

The rule is well recognized in this state that, to set aside a deed on the ground of the want of mental capacity on the part of the grantor to make the same, such want of mental capacity must be established by clear and satisfactory evidence. It must be established that the mind of the grantor was so weak and unbalanced at the time of the executing of the deed that he could not understand and comprehend the purport and effect of what he was then doing. *Schley v. Horan,* 82 Neb. 704. See, also, *Brown v. Cole,* 126 Ia. 711; *Ross v. Ross,* 117 N. W. (Ia.) 1105. Devlin in his work on Deeds says: "A deed may be avoided on the ground of insanity, when the grantor did not possess sufficient strength of mind and reason to understand the nature and consequences of his act in executing it. And by its execution he does not make it his deed, if at the time he was, from weakness of mind, incapable of understanding it if explained to him. But, although it may be uncertain that the mind of the grantor was in all respects sound, still, if he has sufficient ability to execute and deliver a deed, understanding the consideration that he is to receive, and the nature of the transaction in transferring his title to another, it is considered that his mind is sufficiently sound to render his deed valid. 'Weakness of understanding is not of itself any objection to the validity of a contract, if the capacity remains to see things in their true relations, and to form correct conclusions.'" 1 Devlin, Deeds (2d ed.), sec. 68. If a grantor has sufficient mental ability to comprehend what he is doing and to understand the nature of his act, he is deemed competent to make a deed.

Mere mental weakness is not sufficient to avoid a deed, if such weakness does not amount to inability to comprehend the contract and is unaccompanied by evidence of undue influence or imposition. Considering all the facts and circumstances proved, we are of the opinion that Henry West was competent to make the deeds in question.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.